### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ANTHONY GAY, IDOC # B62251,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 11-20-GPM** |
| | ) | |
| **MARVIN POWERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion for reconsideration brought by Plaintiff Anthony Gay (Doc. 6). Gay, a prisoner in the custody of the Illinois Department of Corrections who currently is incarcerated in the closed maximum security prison at the Tamms Correctional Center ("Tamms"), brings this suit pursuant to 42 U.S.C. § 1983 for an alleged violation of his constitutional rights by a person acting under color of state law. By order entered January 14, 2011, the Court denied Gay's motion for leave to proceed in forma pauperis ("IFP") in this matter. As was discussed in the Court's January 14 order, at least three previous lawsuits brought by Gay while incarcerated seeking redress from governmental officers and employees have been dismissed pursuant to 28 U.S.C. § 1915A as frivolous, malicious, or failing to state a claim upon which relief may be granted. Thus, pursuant to 28 U.S.C. § 1915(g) Gay cannot proceed IFP in federal court unless he is under imminent danger of serious physical injury. As was discussed also in the Court's January 14 order, the record of this case discloses no evidence that Gay is under imminent danger so as to permit him to proceed IFP in this case. Accordingly, in the January 14 order the Court

ordered Gay to pay the $350 filing fee for this case by February 3, 2011. Gay now seeks

reconsideration of the Court's denial of leave to proceed IFP.

District courts have inherent power to reconsider interlocutory orders as justice requires, and

the decision to grant or deny reconsideration of an interlocutory order is committed to a court's

sound discretion. *See Harrisonville Tel. Co. v. Illinois Commerce Comm'n*, 472 F. Supp. 2d

1071, 1074 (S.D. Ill. 2006) (collecting cases). In this instance Gay requests reconsideration of the

Court's finding that he is not under imminent danger of serious physical injury on the grounds that

he, Gay, suffers from a mental disorder that causes him to mutilate himself. A refusal by prison

officials to treat serious mental illness certainly can be considered imminent danger for purposes

of 28 U.S.C. § 1915(g). *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 329-31 (7th Cir. 2003) (a

prisoner's allegations of untreated attention deficit hyperactivity disorder, bipolar disorder, and

panic disorder established imminent danger). However, this case is not about, say, the quality of

the psychiatric care that Gay receives at Tamms, or whether that care is curbing Gay's penchant for

self-mutilation. Instead, Gay is suing Defendant Marvin Powers, a physician at Tamms who, it

should be pointed out, is not a doctor of psychiatry, on the grounds that, after an incident on

August 28, 2010, in which Gay mutilated his scrotum, Powers waited until August 30, 2010,

to suture Gay's wound. A de minimis delay in furnishing medical care to prisoners of

the kind about which Gay complains in this case is not actionable as an Eighth Amendment

violation. *See, e.g., Thomas v. Walton*, 461 F. Supp. 2d 786, 793-94 (S.D. Ill. 2006) (a one-day delay

in providing a prisoner with psychiatric care following a suicide attempt by the prisoner did not rise

to the level of deliberate indifference to the prisoner's serious medical needs). Still more to the

point, the injury alleged in Gay's complaint is a past injury that does not constitute imminent

danger within the meaning of Section 1915(g).  *See Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010) ("Courts routinely deny IFP requests where the imminent-danger allegations . . . concern only past injuries.").  Also, as the Court observed in its order denying Gay's IFP motion, Gay cannot establish imminent danger by deliberately putting himself in danger. As is apparent from the materials submitted by Gay in support of his motion for reconsideration, Gay uses self-mutilation as a device to draw attention to himself, of a negative kind, naturally, and to try to gain leverage over his keepers; for example, Gay is quoted as saying to psychiatric personnel at the Menard Correctional Center, "If I really cut myself and get killed, you will be responsible for it. Right?"  Doc. 6 at 6.  The Court is not inclined to grant Gay ready access to the federal judicial system every time that Gay takes it into his head to cut himself.  To so hold would "frustrat[e], rather than advanc[e], the congressional goal of reducing frivolous prisoner litigation in federal court" embodied in Section 1915(g).  *Turner-El v. Page*, No. 97 C 1818, 97 C 5822, 1998 WL 42299, at *2 (N.D. Ill. Jan. 27, 1998).

To conclude, Gay's motion for reconsideration of the Court's denial of leave to proceed IFP in this case (Doc. 6) is **DENIED**.  Failure by Gay to pay the full $350 filing fee for this case not later than February 3, 2011, as directed by the Court in its order entered January 14, 2011, will result in the dismissal of this case on the merits.

**IT IS SO ORDERED.**

DATED:  February 1, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge