IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTHONY GAY, IDOC # B62251,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 11-20-GPM |
| | ) |
| **MARVIN POWERS,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Anthony Gay, a prisoner in the custody of the Illinois Department of Corrections who currently is confined in the closed maximum security prison at the Tamms Correctional Center, sues in this case pursuant to 42 U.S.C. § 1983 for an alleged violation of his constitutional rights by a person acting under color of state law. By order entered January 14, 2011, the Court denied Gay's motion for leave to proceed in forma pauperis ("IFP") in this case. In denying Gay's IFP motion the Court found that at least three prior civil actions brought by Gay while incarcerated in which Gay sought redress from officers or employees of a governmental entity have been dismissed pursuant to 28 U.S.C. § 1915A as frivolous, malicious, or failing to state a claim on which relief may be granted: *Gay v. Welbourne*, Civil No. 00-29-GPM (S.D. Ill. Nov. 21, 2000) (order dismissing action as frivolous); *Gay v. Powers*, Civil No. 98-772-GPM (S.D. Ill. Sept. 27, 2001) (order dismissing action as frivolous and for failure to state a claim on which relief may be granted); and *Gay v. Page*, Civil No. 99-365-MJR (S.D. Ill. Jan. 31, 2002) (order dismissing action for failure to state a claim on which relief may be granted). Accordingly, in the January 14 order the Court

found that, pursuant to 28 U.S.C. § 1915(g), Gay cannot proceed IFP in this case unless he can show that he is under imminent danger of serious physical injury. In the January 14 order the Court found further that the allegations of Gay's pro se complaint and the averments of Gay's affidavit in support of his IFP motion do not show that Gay is under imminent danger for purposes of Section 1915(g). Thus, the Court ordered Gay to pay the full $350 filing fee for this case not later than February 3, 2011, or this case would be dismissed. By order entered January 31, 2011, the Court denied a motion by Gay for reconsideration of the Court's January 14 order and advised Gay that unless he paid the $350 filing fee for this case by February 3 as he had been ordered to do in the Court's January 14 order, the case would be dismissed. To date, the filing fee for this case remains unpaid. Therefore, pursuant to Rule 41 of the Federal Rules of Civil Procedure, it is hereby **ORDERED** that this case is **DISMISSED with prejudice** by reason of Gay's failure to comply with the Court's January 14 order. *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994). The Clerk of Court will enter judgment in accordance with this Order.

    **IT IS SO ORDERED.**

    DATED: February 5, 2011

                                                    /s/ G. Patrick Murphy
                                                  G. PATRICK MURPHY
                                                  United States District Judge