# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY GAY, IDOC # B62251, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-20-GPM |
| | ) |
| MARVIN POWERS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the mandate of the United States Court of Appeals for the Seventh Circuit (Doc. 24). Plaintiff Anthony Gay, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is confined in the closed maximum security prison at the Tamms Correctional Center ("Tamms Supermax"), brings this suit pro se pursuant to 42 U.S.C. § 1983 for an alleged violation of his civil rights by a person acting under color of state law. According to the allegations of Gay's pro se complaint, Gay is a habitual self-mutilator. On August 28, 2010, according to the complaint, Gay cut his scrotum. Gay alleges that Defendant Marvin Powers, a physician working at Tamms Supermax, did not suture Gay's self-inflicted injury until August 30, 2010. On September 30, 2010, Gay was brought to the Heartland Regional Medical Center ("Heartland") in Marion, Illinois, because the injury to Gay's scrotum was not healing properly. Attached to Gay's complaint is a consultation report prepared by Lawrence Hatchett, a physician at Heartland, that is dated September 30, 2010. *See* Doc. 1 at 5-6. In the report Hatchett recommends to Powers that Gay be brought back to Heartland in approximately a month so that

Hatchett can perform a left hydrocelectomy on Gay's scrotum; apparently Hatchett was concerned that Gay would drain the hydrocele himself. *See id*. at 6. According to Gay's complaint, Powers disregarded Hatchett's recommendation. Also, Gay claims that his scrotum continues to be swollen and painful and that Powers has refused to treat Gay's scrotum. Gay claims further that Powers is falsifying Gay's medical records to make it appear that the wound to Gay's scrotum is healing when in fact it is not.

As has been discussed in previous orders in this case, Gay is "struck out." meaning that three or more civil actions brought by Gay while a prisoner have been dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted. Accordingly, under the statute governing leave to proceed in forma pauperis ("IFP") in federal court, 28 U.S.C. § 1915, Gay may not proceed IFP in federal court unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Gay v. Chandra*, Civil No. 10-336-GPM, 2011 WL 884127, at *3 (S.D. Ill. Mar. 11, 2011). The Court rejected Gay's allegations of imminent danger in this case, relying upon the familiar rule that "'a prisoner cannot *create* the imminent danger so as to escape the three strikes provision' of Section 1915(g)" and that "'bouts with self-inflicted injuries do not suffice' to meet the test of imminent danger." Doc. 4 at 4 (quoting *Wallace v. Cockrell*, No. 3:03-MC-60-M, 2003 WL 21528744, at *2 (N.D. Tex. July 3, 2003)). Accordingly, the Court denied Gay leave to proceed IFP in this Court and on appeal. *See id*.; Doc. 17. However, the Seventh Circuit Court of Appeals vacated this Court's denial of leave to proceed IFP on appeal and remanded the case back to this Court for a determination of whether Gay is under imminent danger of serious physical injury. In its mandate the Seventh Circuit Court of Appeals expressed particular concern about Gay's allegations that, as a result of the incident on August 28, 2010, in

which Gay cut his scrotum, "his testicle is swollen and causing him continuous pain" and that Powers "is falsifying his [Gay's] records and indicating that the injury is resolving when it is not." Doc. 24-1 at 1. Accordingly, the reviewing court remanded the case to this Court "to permit the district court to consider whether Gay's allegations that the defendant is refusing to treat his swollen testicle and that he is in constant pain are sufficient to allege the imminent danger exception to the three-strikes bar." *Id*. at 2. Thus, it appears that the Court will be obliged to make findings of fact and conclusions of law with respect to Gay's claim that he is in imminent danger within the meaning of Section 1915(g). *See Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010) (where allegations of imminent danger are in dispute, a district court must determine whether the allegations are credible using affidavits or depositions or by conducting an evidentiary hearing). Accordingly, it is hereby **ORDERED** that Powers shall submit a brief regarding Gay's allegations of imminent danger in this case not later than **thirty (30) days** from the date of entry of this Order. The Prisoner Litigation Coordinator – IDOC/Tamms Supermax is **DIRECTED** to serve a copy of this Order on Powers at his place of work at Tamms. Powers's brief concerning Gay's claim of imminent danger should not exceed twenty-five (25) pages in length. After receipt of Powers's brief, the Court will determine whether an evidentiary hearing on the issue of imminent danger should be held in this case.

    **IT IS SO ORDERED.**

    DATED: June 11, 2011

    /s/ G. Patrick Murphy
    G. PATRICK MURPHY
    United States District Judge